PER CURIAM.
This “Suit for Declaratory Decree” was originally brought by the appellee, Grace Estelle Boyette, individually, and as executrix of the estate of her deceased husband, naming as defendants the appellant, Jewell Wilson Boyette Liles, and her husband. The other appellants, all children of the deceased husband of the appellee, entered the cause as third party plaintiffs. This suit involves the rights of the parties to a certain parcel of real ■ estate located in Pasco County.
After various pretrial motions and procedures, the case came on for hearing. At the conclusion of the plaintiff’s case the parties filed various motions and objections, all of which were denied by the chancellor *53 in the decree, which reads, in part, as follows:
“The above matter having come on before this Court for Hearing on the following Motions:
“1. Motion for Decree by third party Plaintiffs, Carl Leslie Boyette, Juanita Venice Alls and Lucille Vet-zel.
“2. Motion for Decree by Defendant, Jewell Wilson Boyette Liles..
“3. Motion to strike by the above named Defendant and third party plaintiffs.
“4. Objection to Admissibility of Evidence, by Defendant and third party plaintiffs.
“ * * * [T]hat said Motions and said Objection should be denied and overruled * * *.”
It is from this decree that the appellants have filed their interlocutory appeal, urging that the plaintiff-appellee has failed to prove her case below, and that the court should rule in favor of appellants.
The facts in this case can become somewhat confusing, so for the sake of clarity the parties will be referred to as follows: plaintiff-appellee: “Grace”; defendant-appellant: “Jewell”; and third party plaintiffs:- “children”. Jewell was the first wife of the deceased and .the mother of his children. Grace was the deceased’s second wife, and sole devisee under his Will. The property involved in this contest was acquired by the deceased while he was still married to Jewell, and consists of two contiguous tracts of land. The first’of these, the “South Tract,” was deeded to the deceased and Jewell, as tenants by the entireties, on March 13, 1941. The “North Tract” was deeded to them as tenants by the entireties on April 20, 1948.
On October 10, 1951, the deceased and Jewell entered into a separation agreement, pursuant to which the parties agreed to convey each to the other certain properties owned as husband and wife. In this stipulation Jewell agreed to convey to the deceased her interest “in and to the property at or near Zephyrhills, Florida,” but the description of the land refers only to the “North Tract.” The “South Tract” was not mentioned in the stipulation. This stipulation was incorporated into a subsequent divorce decree.
The deceased married Grace on August 31, 1952. They apparently lived in a rented house in St. Petersburg at the time of decedent’s death, and the proof would seem to show that they visited the Pasco County property only on weekends, holidays, etc. However, they did cause the land to be converted into grove land, and they also built and furnished a house on the “South Tract.”
Upon the filing of this suit, Jewell answered, maintaining that since the stipulation referred to above did not refer to the “South Tract,” she became the'owner of an undivided one-half interest as a tenant in common with the deceased upon the divorce becoming final. She therefore maintained that she was entitled to this interest in the “South Tract.” The plaintiff, Grace, first urged that the omission of the “South Tract” in the stipulation was a mistake, but this defense was stricken. She also attempted to prove that Jewell’s half interest had been acquired by the deceased and herself through adverse possession, due to the various improvements put upon the land, such as the grove and house. This, 'then, was the ultimate issue between Grace and Jewell, i. e., whether Jewell’s estate as a tenant in common in the “South Tract” was acquired by adverse possession by Grace and the deceased.
‘ The children, having filed their complaint as third parties plaintiff, supported Jewell’s argument, but further asserted that the decedent was a resident of Pasco County at the time of his death and that the lands were the homestead of the decedent and were not subject to devise by WilL They *54 therefore became the fee simple owners of the entire “North Tract” and of an undivided one-half interest in the “South Tract,” subject to the life estate of the plaintiff, Grace. Hence, this was the issue between Grace and the children, i. e., whether the decedent was a resident of Pasco County, and whether the land was the homestead of the decedent under Florida law.
During the presentation of the plaintiff’s case various facts were elicited which went to the two issues. As to the question of adverse possession, plaintiff was able to show vast improvements made on the “South Tract,” as well as the fact that the decedent alone paid all of the taxes and various assessments on the property. We are fully aware, without going into the applicable law on this question, that the burden of proving adverse possession as against a tenant in common is an especially heavy one. However, we must hold that the plaintiff has at least made a prima facie showing of adverse possession. As to the question of homestead, the plaintiff was able to show, briefly, that deceased lived in St. Petersburg at the time of his death, and that they only went to Pasco County on weekends and holidays. We feel that, without any proof on behalf of the defendants-appellants, we are unable to say that the deceased resided in Pasco County. There is clearly room for doubt as to both issues.
The position of the appellants in this court is presented by a list of the points involved, to wit: (1) Has the plaintiff shown such facts as would establish adverse possession against the defendant, her co-tenant? (2) Pías the plaintiff established and shown that the lands were not homestead property and therefore subject to devise by Will? (3) Did the court err in overruling and denying the objections of the defendant and the third party plaintiffs to evidence adduced upon trial? We •feel, and must so hold, that we cannot rule on these questions at this time. Only the plaintiff has presented her testimony, and from all of the evidence, we feel that she has made out a prima facie case. It is now up to the defendants-appellants to attempt to repudiate this testimony. Hence, we must affirm the decision of the lower court without prejudice to the defendants-appellants to proceed with their case.
Affirmed.
ALLEN, Acting C. J., and SHANNON and WHITE, JT., concur.